

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0423-23

### DARYL JOE, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### NAVARRO COUNTY

**KEEL, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

I agree with the court of appeals. Appellant stole cargo, and he conducted an "activity" in which he possessed stolen cargo. He stole it when he backed the truck under the trailer containing the cargo, connecting the two. *Joe v. State*, 663 S.W.3d 728, 733-34 (Tex. Crim. App. 2022). And he conducted an activity in which he possessed the stolen cargo when he tried to hook up the brake lines and lights. So he knowingly or intentionally conducted an activity in which he possessed stolen cargo—all that the statute requires. *See* Tex. Penal Code §31.18(b)(1)(a).

But the majority ignores the cargo-theft statute's plain text. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (requiring courts to focus on the literal text of the statute in question to discern the meaning). Instead, it adheres to our construction of an earlier version of the organized retail theft statute ("ORT"). *See Lang v. State*, 561 S.W.3d 174 (Tex. Crim. App. 2018).[1] That's a mistake because (1) the two statutes are not identical, (2) they focus on different things, and (3) *Lang*'s reading of the ORT statute is at odds with the cargo-theft statute's language and legislative history.

## I. The ORT and Cargo-Theft Statutes Are Not Identical

The majority claims that the only difference between the two statutes is additional liability under the cargo-theft statute for contracted drivers who break the seal or fail to deliver the cargo. *See* Tex. Penal Code § 31.18(b)(2). But there are other differences, including the required culpable mental states, the "activity" types allowed for each, and the punishment ranges.

ORT requires intentional conduct, but cargo theft requires intentional or knowing conduct. *Compare id.* at § 31.16(b) *with* § 31.18(b)(1). Cargo theft includes "abandon" as an activity, but ORT does not. *Compare id.* § 31.18(b)(1) *with* § 31.16(b). And cargo theft's lowest punishment is a state-jail-felony range, but ORT starts with a class C misdemeanor. *Compare id.* § 31.18(c) *with* § 31.16(c). These are not identical statutes.

---

[1] References to the ORT statute in this opinion are to the version at issue in *Lang*. Act of Sept. 1, 2015, 84th Leg., ch. 1251 (H.B. 1396), § 13 (amended 2025) (current version at Tex. Penal Code § 31.16).

## II. The Statutes Focus on Different Things

The two statutes focus on different things—"where" versus "what". ORT is defined by where things are stolen, but cargo theft is defined by what things are stolen. That difference forecloses from the cargo-theft statute the ambiguity that *Lang* found in the ORT statute.

ORT's dependence on stealing from a retail business was essential to *Lang*'s holding that the ORT statute was ambiguous. *See* Tex. Penal Code § 31.01(11) (defining retail merchandise as "items of tangible personal property displayed, held, stored, or offered for sale by a merchant."). *Lang* struggled to distinguish mere shoplifting from ORT; was it enough that the shoplifter tried to leave the store with the stolen merchandise? Or was something more required to show "activity" with respect to stolen retail merchandise? *Lang*, 561 S.W.3d at 181. Shoplifting was indistinguishable from ORT because the same conduct—stealing from a retail business—proved both offenses; there was no distinction between stealing the merchandise and conducting an activity in which one possessed stolen merchandise. *See Lang*, 561 S.W.2d at 183.

Unlike retail merchandise, however, cargo is not defined by its location. Cargo is moving. "Cargo" is "all things that are treated as movable for the purpose of a contract for storage or transportation[,]" Tex. Bus. & Com. Code § 7.102(a)(7), and that are included in "a commercial shipment of freight moving in commerce." Tex. Penal Code § 31.18(a)(1). There is no location-bound dilemma about distinguishing between stealing cargo and pursuing an activity in connection with

stolen cargo. Any named activity conducted, promoted, or facilitated in connection with stolen cargo fulfills the elements of the crime. *Id.* § 31.18(b)(1).

### III. *Lang*'s Group-Effort Reading of ORT Is Inapplicable to Cargo Theft

The *Lang* opinion looked to the ORT statute's legislative history to conclude that an ORT conviction required a group effort. *Lang* said that the statute "was not intended to target the conduct of ordinary shoplifters acting alone . . . and instead requires proof of some activity that is distinct from the act of theft itself." *Lang*, 561 S.W.3d at 179. It noted the statute's legislative history that showed an intent to "target professional crime rings involved in the large-scale theft and reselling of stolen retail merchandise[,]" *id.* at 181, "as well as the post-theft transfer and reselling of retail goods by such groups[.]" *Id.* at 182. It found no legislative "concern for the conduct of petty shoplifters acting alone." *Id.*

But cargo theft may be committed by a lone thief. That is evident from both its language and its legislative history. One of cargo theft's distinguishing features—an activity in which one abandons stolen cargo—highlights that possibility; once cargo is stolen, the thief has only to abandon it to commit cargo theft; no other activity or person is required. *See* Tex. Penal Code §31.18 (b)(1). And the cargo-theft statute's legislative history—which the majority neglects—says that the statute is aimed not at a group but at "anyone" who commits the proscribed conduct. Bill Analysis, Senate Research Center, S.B. 1828, 84th Leg., (2015).

### IV. Conclusion

Appellant possessed the cargo by connecting the truck to the trailer. *Joe*, 663 S.W.3d at 733. At that point the cargo was stolen. *Id.* at 734. He then conducted an activity in which he possessed the already-stolen cargo when he tried to connect the lights and brake lines. Therefore, he was guilty of cargo theft. Because the majority decides otherwise, I respectfully dissent.

Filed: November 20, 2025

Publish